# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>INFLECTION RISK SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No. 2:25-cv-11130<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff John Doe, by and through his counsel brings the following Complaint against Defendant Inflection Risk Solutions, LLC, ("Inflection") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of a tenant screening report ("consumer report') that Defendant published to Plaintiff's potential landlord, via non-party RentGrow, Inc. ("RentGrow"), which included a dismissed criminal record that was expunged and should not have been reported.

## PARTIES

1.      Plaintiff is a natural person residing in Macomb, Michigan, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant Inflection Risk Solutions, LLC ("Defendant" or "Inflection") is a California corporation doing business throughout the United States, including in the State of Michigan and in this District, and has a principal place of business at 1 Montgomery St, Suite 2400, San Francisco, CA 94104. Inflection can be served through its registered agent, C T Corporation System, at 330 N Brand Blvd Glendale, CA 91203.

3. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports. Defendant regularly sells consumer reports to Resellers, as defined in 15 U.S.C. § 1681a(u), such as RentGrow, Inc.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

### Plaintiff's Expunged Record

6. On or around January 31, 2022, Plaintiff successfully obtained an expungement order from the Michigan Third Judicial Circuit Court for a criminal record he was convicted of.

7. Plaintiff kept his record clean for at least seven (7) years following the conviction and fulfilled all of the requirements to obtain an expungement order under Michigan law.

### Plaintiff Applies for Short-Term Housing with Encore Townhomes

8. Plaintiff resides in Macomb, Michigan, with his pregnant wife and three children.

9. Plaintiff's family is looking to relocate to a larger house to accommodate an expectant additional family member.

10. Plaintiff and his wife have lived at their current address for three years. They began to search for a new property that can meet their updated needs.

11. After an exhaustive search of various properties, Plaintiff and his wife decided on a property at Encore Townhomes. The property with Encore Townhomes was more affordable and suitable for their needs.

12. The property with Encore Townhomes offered a safe neighborhood, proximity to their children's school, and a spacious layout necessary for their growing family.

13. The monthly rent for the property was $2,370, significantly lower than others in the area.

14. On or around December 7th, 2024, Plaintiff and his wife applied for housing with Encore Townhomes and submitted an application fee of approximately $30.00.

15. As part of the housing application with Encore Townhouse, Plaintiff was required to pass a background check. Plaintiff consented to the background check, knowing that he had no criminal records that should appear and that would disqualify him from the housing opportunity with Encore Townhomes.

**Defendant Published an Inaccurate Consumer Report, via RentGrow, to Encore Townhomes**

16. On or about December 10, 2024, Encore Townhomes ordered a consumer report on Plaintiff from RentGrow.

17. In turn, RentGrow, acting as a reseller, contracted with Inflection to conduct a tenant screening check on Plaintiff.

18. On or about December 10, 2024, Defendant sold a consumer report about Plaintiff to RentGrow, who subsequently resold the report to Encore Townhomes, wherein Defendant published inaccurate information.

19. The consumer report, also known as a tenant screening report in this context, by Defendant, is a consumer report regulated by the FCRA.

20. Within that consumer report, Defendant published inaccurate information about Plaintiff.

21. Specifically, within its consumer report about Plaintiff, Defendant published the pertinent details of a criminal record that was *expunged*. Thereby, defeating the entire purpose in seeking and securing an expungement order in the first place.

22. Defendant's reporting of the criminal record, despite an expungement order, was not only inaccurate reporting but reckless and improper. This is the only criminal record belonging to Plaintiff and should not have been reported.

23. Plaintiff dutifully and sensibly sought an expungement order of the dismissed record.

24. A cursory review of the widely available public court records confirms that Plaintiff successfully completed the requirements necessary to have the record discharged and expunged.

25. Plaintiff successfully secured a Court Order from Michigan Circuit Court, rendering Plaintiff's discharge and expungement granted.

26. The sole reason Defendant inaccurately reported the expunged criminal record was due to Defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to a third-party. Had Defendant followed reasonable procedures, it would have discovered that the criminal record had been expunged and that it should not have reported the same.

27. In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective landlord inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**Encore Townhomes Denies Plaintiff's Short-Term Housing Application**

28. On or about the evening of December 10, 2024, Plaintiff received a denial on his application for housing.

29. Shortly thereafter, Plaintiff contacted RentGrow, which advised him to dispute the information online. Plaintiff submitted the dispute the same day, attaching evidence of the expungement.

30. Plaintiff immediately visited the Encore Townhomes office, providing a copy of the expungement order in hopes of resolving the issue.

31. Plaintiff was very panicked, confused, and concerned about the impact of the inaccurate reporting. He even went so far as checking the public record to ensure that he wasn't mistaken that the expungement order was effective. Plaintiff was very concerned about the impact to his family and marriage, as well as his public image.

32. Specifically, Defendant reported an expunged criminal record that is clearly labeled in the underlying court as expunged and should never have been reported after the Expungement Order had gone into effect.

**Plaintiff Disputed the Misinformation in the Consumer Report**

33. On or around December 10, 2024, after receiving the denial from Encore Townhomes, Plaintiff immediately contacted RentGrow who advised him to dispute the rejection online.

34. Plaintiff visited RentGrow's website and submitted a dispute.

35. Thereafter, RentGrow conceded its mistake, corrected its reporting, and issued an updated consumer report to Encore Townhomes.

36. Needless to say, Plaintiff and his family were devastated by the turn of events. Their search for a new home was materially and negatively impacted by the substantive change in their plans.

37. Plaintiff reasonably believes Defendant's inaccurate reporting influenced Encore Townhomes' impression of him with regards to his application and did not move forward with the rental.

38. Furthermore, Plaintiff had already signed a lease for a different property that he thought would be suitable for his family's needs, since he did not know whether Encore Townhomes would ultimately accept him or not.

39. However, the rent for the property Plaintiff signed a lease on—while still denied from Encore—is $200.00 a month more expensive, and, unlike Encore Townhomes, the rent did not cover utility expenses.

40. In addition, the location of Plaintiff's current lease is a lot further from Plaintiff's children's school, causing inconvenience and economic damages.

41. Worse, as it turns out, many aspects of Plaintiff's current home, that he is leasing due to being denied at Encore Townhomes, are falling apart. Some aspects of the accommodation need replacement, including the porch, garage, water faucet, and some wall panels.

42. Plaintiff even had to purchase a new washer and dryer.

43. Upon information and belief, these problems and expenses only occurred because Plaintiff was denied accommodation at Encore Townhomes.

44. Defendant's false report cost Plaintiff a housing opportunity that met his family's needs, including those relating to affordability, safety, and proximity to his children's school.

45. But for Defendant's inaccurate consumer report, Plaintiff's housing application would have been approved initially, and Plaintiff would have been spared the humiliation, embarrassment, and stress imposed upon Plaintiff to correct Defendant's publication of inaccurate information to Encore Townhomes.

46. As a result of Defendant's inaccurate reporting, Plaintiff endured serious turmoil in his relationship with his wife

47. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the consumer report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

48. Plaintiff incorporates the preceding allegations as if stated herein.

49. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

50. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: April 15, 2025

*/s/ Daniel Cohen*
Daniel Cohen, NY Bar # 5481460
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 770-7901
F: (718) 715-1750
E: dcohen@consumerattorneys.com

*Attorneys for Plaintiff,*
*John Doe*