# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>INFLECTION RISK SOLUTIONS, INC.,<br><br>            Defendant. | Civil Action No. 2:25-cv-11130-SKD-DRG<br><br>Presiding Judge Susan K. DeClercq<br><br>Referral Judge David R. Grand |

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe, by and through his undersigned counsel, respectfully moves for leave of this Court to proceed against Defendant Inflection Risk Solutions, Inc. ("Defendant" or "Inflection") under a pseudonym to protect his identity.

For the reasons discussed in the accompanying memorandum of law in support therefore, Plaintiff seeks entry of an Order authorizing Plaintiff to proceed his instant action under the pseudonym John Doe.

//

1

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

In this instant action, Plaintiff John Doe alleges that Defendant violated the Fair Credit Reporting Act, 15 U.S.C § 1681e(b) when Defendant published and sold a consumer report containing an expunged criminal record. The expunged criminal record was reported to Plaintiff's prospective landlord, resulting in a housing application denial and other injuries. Plaintiff requests that this Court allow him to proceed under a pseudonym in this case so that he does not continue to suffer any additional adverse consequences from being associated with his now-expunged criminal record.

Defendant report includes information concerning a criminal record that was set aside and expunged by Wayne County, Michigan, on January 31, 2022. Consequently, this criminal record is not in existence because it was expunged, and, as a result, Plaintiff has no criminal record. Plaintiff should be allowed to proceed under a pseudonym as the factors courts in this District consider weigh in Plaintiff's favor. Accordingly, Plaintiff respectfully requests the Court enter an order permitting him to proceed under a pseudonym.

### I.     FACTUAL BACKGROUND

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Defendant published a consumer report containing expunged criminal information that caused

Plaintiff to lose a housing opportunity, among other injuries. The allegations against Defendant are based on Defendant's sale of an inaccurate and obsolete consumer report to RentGrow, Inc. ("RentGrow"), who contracted with Defendant to conduct a tenant screening check on Plaintiff and subsequently resold the report to Plaintiff's potential landlord. Unfortunately for the Plaintiff, the report that Defendant sold resulted in a housing application denial.

The expunged criminal record was the only criminal record that had appeared on Defendant's consumer report concerning Plaintiff. Plaintiff reasonably believed that the denial was based on the non-reportable and inaccurate expunged criminal record information.

Plaintiff was convicted in 2012. However, after submitting an application and completing all necessary steps pursuant to Michigan State law, Plaintiff successfully had the record set aside by order of the relevant Michigan court. Currently, such criminal records are not in existence because they had been expunged and, as a result, Plaintiff has no criminal record. Thus, Plaintiff is entitled to the effect of the expungement when applying for housing and as the subject of tenant screening reports.

## II. LEGAL STANDARD

This case is brought pursuant to the FCRA, which protects consumers from the exposure of private or inaccurate facts. The FRCA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added).

The FCRA also provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

As a general matter, a complaint must state the name of all parties. Fed. R. Civ. P. 10(a). However, courts "may excuse plaintiffs from identifying themselves" where "a plaintiff's privacy interests **substantially outweigh** the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (affirming district court's protective order allowing plaintiffs to proceed pseudonymously) (emphasis added). The Sixth Circuit has identified a non-exhaustive list of factors courts may consider:

4

> (1) whether the suit challenges governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a minor.

*Porter*, 370 F.3d at 560.

Courts have also considered whether allowing a plaintiff to proceed under a pseudonym would force defendants to proceed with insufficient information to construct their arguments against the plaintiff. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

### III. ARGUMENT

#### A. Plaintiff Has a Need to Preserve Privacy in a Matter of a Highly Personal or Sensitive Nature that Would Render the Purpose of Expungement Futile.

Plaintiff's claims against Defendant arise out of a tenant screening consumer report published by Defendant to RentGrow, who subsequently resold the report to Plaintiff's potential landlord. In assessing the factors identified in *Porter*, courts have found information of the utmost intimacy to include criminal records: *See Doe v. Ronan*, No. 1:09cv243, 2009 U.S. Dist. LEXIS 147007, at *2 (S.D. Ohio June 4, 2009) (granting motion allowing plaintiff to proceed under a pseudonym in order to avoid association with expunged criminal conviction). "A criminal record is one that carries a very negative connotation in society which can be embarrassing and humiliating if that information becomes public." *Id.* If Plaintiff were required to

5

proceed under his own name, he would be publicly associated with the "infamy associated with criminal behavior" and criminal convictions that are now expunged. *Id.* That would undo the protections afforded to him under Michigan law when the convictions were expunged. Moreover, it would subject Plaintiff to the same harms that he claims Defendant subjected him to, specifically, public association with the now-expunged criminal act.

Under Michigan law, Plaintiff is considered to have never been convicted due to the set-aside order. *See* Mich. Comp. Laws § 780.622 ("[u]pon the entry of an order . . . the applicant . . . is considered not to have been previously convicted"). The disclosure of Plaintiff's identity in this matter would undermine not only the purpose of the federal FCRA but also the very act of expungement, which was intended to prevent Plaintiff from suffering the harms that Defendant's reporting of inaccurate information has inflicted upon him.

Plaintiff reasonably believes that as a direct result of Defendant's publishing this inaccurate criminal record, Plaintiff's prospective landlord denied Plaintiff's housing application. As a result, Plaintiff lost a housing opportunity that met his family's needs, including those relating to affordability, safety, and proximity to his children's school and has experienced substantial actual damages, including, without limitation, significant emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment

6

"To proceed anonymously for fear of retaliation and harassment a 'plaintiff must demonstrate that . . . retaliation is not merely hypothetical but based in some real-world evidence; a simple fear is insufficient.'" *Does v. Snyder*, No. 12-11194, 2012 WL 1344412, *2 (E.D. Mich. April 18, 2012) (citing *Does v. Shalushi*, No. 10–11837, 2010 WL 3037789, at *3 (E.D. Mich. July 30, 2010)). The harm to Plaintiff in having his identity revealed is not merely hypothetical and has already resulted in a housing application denial. Attaching Plaintiff's true name to this lawsuit would render the relief granted to Plaintiff by Michigan state law ineffective by creating a publicly available record containing specific references to the set aside and sealed criminal record. In order to litigate his claims against the Defendant, the parties will necessarily have to present evidence as to Plaintiff's expunged criminal conviction and arrest. Without using a pseudonym, Plaintiff's name and his expunged criminal record will become public, and he will be stripped of the protections that his expungement and the FCRA afford him. Simply put, Plaintiff would be creating a public record linking him to a criminal conviction where no such record should exist – and in fact where no such record does exist – a fact that undergirds the entirety of this lawsuit. Plaintiff has every reason to believe that if others, including current and future landlords, discovered that he had a criminal record, even an expunged record, it would harm his reputation, his financial condition, and his relationships. Creating this public record will have adverse

7

impacts on Plaintiff, including negatively impacting Plaintiff's future housing opportunities, as it did in the circumstances which led to the claims at issue in this lawsuit.

### B.     The Public Interest is Tempered by the Public's Conflicting Interest in Allowing Litigants to Vindicate Their Rights.

The public interest in knowing the identity of Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about Plaintiff's identity or status which elevates the public interest in this case. Without leave to proceed under a pseudonym, Plaintiff would be required "to disclose information of the utmost intimacy" by proceeding under his full name. *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D. Ind. Feb. 27, 2012). This would cause further risk of suffering further mental injury. *Id.* Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required to disclose his full name and the reveal the expunged crime, creating a public record wherein uninterested parties would have access to a criminal record that has been expunged and wiped from public consciousness. Without leave to proceed under a pseudonym, Plaintiff will be forced to choose between maintaining the clear judicial record wherein no publicly available information links him to the felony or prosecuting the statutory protections provided by the FCRA.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under

8

federal law – in this case, the FCRA – without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where criminal records are improperly reported. Furthermore, the public interest will continue to be served, even with the Plaintiff proceeding pseudonymously, as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017).

In order to litigate his claims against Defendant, the parties will necessarily have to present evidence as to Plaintiff's expunged criminal record. Without using a pseudonym, Plaintiff's name and his expunged criminal record will become public, and he will be stripped of the protections which his expungement and the FCRA afford him. That is, without the use of a pseudonym, Plaintiff will not be effectively permitted to avail himself of his FCRA rights and remedies without visiting upon himself the same harm (although in a degree of greater proportion) from which the FCRA and expungement proceedings provide protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, he will be prevented from vindicating his rights. Plaintiff does not seek to challenge any ordinary presumption of openness in judicial proceedings, he simply seeks to proceed under a pseudonym. Such considerations favor an order permitting Plaintiff to continue under a pseudonym.

### C. Defendant Will Not Be Prejudiced by Plaintiff Proceeding Pseudonymously.

Allowing Plaintiff to proceed under pseudonym would not prejudice Defendant, who will be able to fully and fairly litigate against Plaintiff without publicly revealing his identity. First, Plaintiff will provide Defendant with relevant information concerning Plaintiff's identity to allow Defendant to identify Plaintiff within its records. Second, to the extent that Plaintiff can limit damage to his reputation by not further identifying himself in connection with Defendant's inaccurate consumer reporting, allowing Plaintiff to proceed pseudonymously is also in Defendant's interest as it ultimately will be liable for the reputational harm to Plaintiff caused by its wrongful conduct.

Plaintiff's individual identity has little bearing on Defendant's ability to address the legal issues raised, as Defendant's policy and procedures concern consumers whose set aside, sealed, and expunged criminal records were published and sold by Defendant in a tenant screening report. Defendant can, and has, readily address the legal and factual issues raised without reference to Plaintiff's specific identity in the public record. As mentioned, Plaintiff will provide Defendant with sufficient information to identify Plaintiff and conduct a review of its internal records.

## IV. CONCLUSION

Plaintiff's interest in protecting his identity outweighs the public's interest in knowing Plaintiff's identity. For the foregoing reasons, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff respectfully asks this Court to permit him to proceed in this Court in pseudonym, wherein all references to Plaintiff in pleadings, motions, exhibits, or otherwise shall identify him as "John Doe" or be redacted as necessary to protect Plaintiff's identity.

Dated: April 18, 2025

/s/ Daniel Cohen
Daniel Cohen, NY Bar # 5481460
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 770-7901
F: (718) 715-1750
E: dcohen@consumerattorneys.com

*Attorneys for Plaintiff,
John Doe*