UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,                    Case No. 2:25-cv-11130

v.                                           Honorable Susan K. DeClercq
                                             United States District Judge
INFLECTION RISK SOLUTIONS, LLC,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM (ECF No. 2)

On April 18, 2025, Plaintiff filed a complaint against Inflection Risk Solutions, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ECF No. 1. Specifically, he alleges that Defendant wrongly reported to a third party his prior criminal record, which had been expunged. *Id.* at PageID.1. The same day that Plaintiff filed his complaint, he also filed a motion to proceed under a pseudonym, John Doe. ECF No. 2.

Courts may allow the use of pseudonyms where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In reaching this determination, courts should consider the following non-exhaustive list of factors:

    (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel

the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.*

Here, the second factor applies to Plaintiff: "the fact that one has been convicted when that conviction has been set aside and the record sealed from public discourse is 'of the utmost intimacy.'" *Doe I-VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006). Especially in a case like this—in which Plaintiff seeks to remedy the improper publication of his expunged convictions—forcing him to proceed without a pseudonym could "permanently undermine[] the relief [he] sought because no other public record of [his] convictions existed due to the expungements." *Doe #11 v. Lee*, No. 3:22-CV-00338, 2023 WL 1929996, at *7 (M.D. Tenn. Feb. 10, 2023).

Given the sensitivity of Plaintiff's allegations and the significant social stigma attached to criminal convictions, this Court finds that Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. Further, Plaintiff indicated that he intends to provide Defendant with enough identifying information to allow Defendant to litigate this matter without prejudice. ECF No. 2 at PageID.21. Thus, it is appropriate to allow Plaintiff to proceed in this litigation under a pseudonym at this juncture.

However, this Court notes that although Plaintiff served a summons and copy

of the complaint on Defendant on May 1, 2025, Defendant has not yet filed an appearance, nor an answer to Plaintiff's complaint, nor a response to Plaintiff's motion to proceed under a pseudonym. *See* ECF No. 4. Thus, although this Court will grant Plaintiff's motion at this time, Defendant may seek reconsideration if there are any concerns as to prejudice or the public's access to the courts.

Accordingly, the Plaintiffs' Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

(a)  The parties shall refer to Plaintiff by the pseudonym "John Doe" in all filings and public proceedings;

(b)  All parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name or other personally identifying information;

(c)  Any filings which necessarily include Plaintiff's personally identifying information may only be filed under seal, and must be accompanied by a Motion to File Under Seal; and

(c)  Defendant may oppose Plaintiff's Motion to Proceed Under Pseudonym by filing a motion to reconsider within 30 days of its appearance in this matter.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 20, 2025